IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01500-GPG

RANDALL A. PERRIN,

    Plaintiff,

v.

ARAPAHOE COUNTY GOVERNMENT,
ARAPAHOE COUNTY DETENTION FACILITY,
ARAPAHOE COUNTY SHERIFF'S OFFICE, and
CORRECTIONAL CARE SOLUTIONS,

    Defendants.

ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915
AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Randall A. Perrin, initiated this action on July 15, 2015, by filing a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). Based on the continuous negative balance in Mr. Perrin's inmate trust fund account, the *in forma pauperis* motion will be granted.

    The Court must construe Mr. Perrin's Complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

    In the Prisoner Complaint, Mr. Perrin asserts that the Arapahoe County Detention Facility and its medical provider, Correctional Care Solutions (CCS), were

deliberately indifferent to his serious gastrointestinal condition – Crone's disease – for which he has been previously hospitalized, causing him to suffer "excruciating pain," anxiety and depression. (ECF No. 1, at 5). Specifically, Plaintiff alleges that for the five months preceding his filing, the Defendants refused to send him to a gastrointestinal specialist for treatment of his condition. Mr. Perrin requests compensatory and punitive damages.

The Complaint is deficient to the extent Plaintiff sues the Arapahoe County Detention Facility and Arapahoe County Sheriff's Department. The Detention Facility and Sheriff's Department are not entities separate from Arapahoe County, and, therefore are not persons subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Moreover, a local government entity such as Arapahoe County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a county liable for his injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Perrin's Eighth Amendment claim against Correctional Care Solutions, an

entity that contracts with Arapahoe County to provide health care for inmates, is also governed by the *Monell* standard. Correctional Care Solutions may be sued for alleged civil rights violations by its employees pursuant to 42 U.S.C. § 1983 only if those actions were taken pursuant to an official policy or custom. *See Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003). Therefore, "a private actor cannot be held liable solely because it employs a tortfeasor-or, in other words, . . . cannot be held liable under § 1983 on a respondeat superior theory." *Id*. (citing *Monell*, 436 U.S. at 691 (emphasis in original)). Accordingly, it is

ORDERED that Plaintiff, Randall A. Perrin, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of all or part of this action.

DATED July 20, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge