IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01500-GPG

RANDALL A. PERRIN,

    Plaintiff,

v.

ARAPAHOE COUNTY GOVERNMENT, and
CORRECT CARE SOLUTIONS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Randall A. Perrin, is in the custody of the Colorado Department of Corrections and is incarcerated currently at the Denver Reception and Diagnostic Center. (ECF No. 9). Mr. Perrin was detained at the Arapahoe County Detention Facility (ACDF) at the time he initiated this 42 U.S.C. § 1983 action on July 15, 2015 (ECF No. 1).

    On July 20, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Prisoner Complaint and determined that it was deficient because Plaintiff named as Defendants entities that were not "persons" subject to suit under § 1983 and failed to allege facts sufficient to hold Arapahoe County liable under § 1983. (ECF No. 4). Accordingly, Magistrate Judge Gallagher ordered Mr. Perrin to file an Amended Complaint within 30 days. (*Id.*). Plaintiff submitted an Amended Complaint on August 17, 2015. (ECF No. 8).

Mr. Perrin has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Perrin's Amended Complaint liberally because he is representing himself.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Amended Complaint and this action will be dismissed.

## I. Amended Complaint

Mr. Perrin alleges in the Amended Complaint that Arapahoe County and its contract medical provider for the ACDF, Correct[ional] Care Solutions (CCS), were deliberately indifferent to his serious gastrointestinal condition – Crone's disease – for which he has been previously hospitalized, causing him to suffer "excruciating pain," anxiety and depression.  (ECF No. 8, at 4).  Specifically, Plaintiff alleges that for the five months preceding his filing, medical providers at ACDF ignored his requests for a referral to a gastrointestinal specialist for treatment of his condition. Mr. Perrin further alleges that medical providers prescribed him ineffective medications based on internet research only and that he was allowed to see the facility physician only a few times during the five-month period.  Plaintiff asserts that the actions of the ACDF medical providers are indicative of an unconstitutional policy or custom of Defendants to deny him adequate medical care.  Mr. Perrin requests compensatory and punitive damages.

## II. Legal Analysis

Eighth Amendment standards govern Mr. Perrin's claim, even if he was a pre-trial detainee at the time the objectionable conduct occurred. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)); *see also Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir.1992) (pre-trial detainee's claim based on denial of adequate medical care is analyzed under Eighth Amendment standard). The Eighth Amendment is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Where a prisoner claims that harm was caused by a delay in medical treatment, he must "show that the delay resulted in substantial harm" in order to satisfy the objective prong of the deliberate indifference test." *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014). The "substantial harm" caused by a delay in treatment may be "an intermediate injury, such as the pain experienced while waiting for treatment and analgesics." *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006). "When the pain experienced during the delay is substantial, the prisoner 'sufficiently establishes the objective element of the deliberate indifference test.'" *Id.* (quoting *Sealock*, 218 F.3d at 1210).

A local government entity such as Arapahoe County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff (respondent superior). *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Instead, a plaintiff seeking to hold a county liable for his injuries under § 1983 must show that a policy or custom exists

3

and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).

Mr. Perrin's Eighth Amendment claim against CCS, an entity that contracts with Arapahoe County to provide health care for inmates, is also governed by the *Monell* standard. "'The established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations [that provide medical care to state inmates].'" *Ortiz v. Falk*, No. 13-cv-00612-PAB-MJW, 2014 WL 984933, at *10 (D. Colo. March 13, 2014) (quoting *Rhodes v. Physician Health Partners (PHP)*, No. 09-cv-482-REB-KLM, 2010 WL 728213, at *5 (D. Colo. Feb. 24, 2010)). Therefore, CCS may be sued for alleged civil rights violations by its employees pursuant to 42 U.S.C. § 1983 only if those actions were taken pursuant to an official policy or custom. *See Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003).

Mr. Perrin's allegations that he suffers from Crone's disease and was denied adequate medical care for five months by individual medical providers working at the ACDF suggest that he is attempting to hold Arapahoe County and CCS liable solely on the basis that individuals employed by the County or CCS may have violated his Eighth Amendment rights. However, there is no respondeat superior liability under § 1983. *See City of Canton,* 489 U.S. at 385 ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983."). Plaintiff's conclusory allegation that the denial of adequate medical care for a five-month period was caused by an unconstitutional policy or custom of Arapahoe County or CCS is

4

insufficient to hold the Defendants liable under § 1983.  *See Hall*, 935 F.2d at 1110 (conclusory allegations without supporting facts are insufficient to state a claim for relief).  *See also McAllister v. Kellog*, 13-cv-02896-CMA-MJW, 2014 WL 4651915, at *5 (D. Colo. Sept. 17, 2014) (recognizing that "not every individual constitutional violation is the product of some sort of systemic problem at the municipal level" and dismissing municipal liability claim as conclusory, with leave to file an amended complaint that contained an adequate factual basis for relief).  In this case, Plaintiff does not allege any *facts* to demonstrate that a policy or custom of CCS or Arapahoe County was the "moving force" behind the alleged Constitutional deprivation, *see Monell*, 436 U.S. at 694, or that a policy maker for the County consciously or deliberately chose to disregard a substantial risk of harm to Plaintiff's health after notice, *see City of Canton*, 489 U.S. at 389.  However, the Court does not find that Mr. Perrin's claim is legally frivolous.  Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 8) and this action are DISMISSED WITHOUT PREJUDICE, **with leave granted to file a second amended complaint within 30 days of this Order**.  If Plaintiff files a second amended complaint, the pleading must contain sufficient <u>factual allegations</u> to support an arguable § 1983 claim against any named Defendants.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Perrin files a notice of appeal he must also pay the

full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED September 1, 2015, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court